UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DARRYL FOLEY | CIVIL ACTION |
| v. | NO. 17-11309 |
| NEW ORLEANS CITY PARK | SECTION "F" |

ORDER AND REASONS

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. No memoranda in opposition to the plaintiff's motion to dismiss for insufficiency of service and failure to state a claim, or alternatively, motion for a more definite statement, noticed for submission on February 7, 2018, has been submitted.

Accordingly, because the motion is unopposed, and further, it appears to the Court that the motion has merit,[1] IT IS ORDERED:

---

[1] On December 13, 2016, Darryl Foley was terminated from his employment as a police officer for the New Orleans City Park. New Orleans City Park contends that he was terminated due to poor performance, poor customer service, poor attitude, sleeping during his shift, and inappropriate interactions with other employees. On June 27, 2017, Foley filed a charge of discrimination with the Equal Employment Opportunity Commission alleging that he was terminated because of his race, in violation of Title VII of the Civil Rights Act of 1964. One month later, EEOC terminated his claim, finding that they were unable to conclude that his rights had been violated. On October 26, 2017, Darryl Foley sued New Orleans City Park, *pro se*, for employment discrimination under Title VII of the Civil Rights Act. He sent a copy of the summons

1

and complaint to the New Orleans City Park office via certified mail. In his complaint, Foley states that he was called derogatory names several times. He also states:

> Suspect, that I, D. Foley, initiated a traffic stop to, called a nigger several times while trying to obtain reasoning as to why he was improperly parked and in a no parking zone. Employment terminated after suspect claimed he was harassed. Suspect stated to me that he would have me fired for stopping him.

Foley alleges no other facts about his employment or termination. The defendant filed this motion to dismiss for insufficiency of service and for failure to state a claim, pursuant for Federal Rules of Civil Procedure 12(b)(5)-(6) on December 12, 2017.

New Orleans City Park is an agency of the State of Louisiana. Federal Rule of Civil Procedure 4(j)(2) provides that if the complainant is suing a state or local government, it can complete service by: "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Louisiana Civil Code Article 1265 provides that service "on any political subdivision, public corporation, or state, parochial or municipal board or commission is made at its office by personal service upon the chief executive officer thereof, or in his absence upon any employee thereof of suitable age and discretion." Because neither rule provides service by certified mail, Foley failed to comply with Rule 4. Accordingly, his complaint may be dismissed for insufficiency of service.

Even if Foley has complied with Rule 4, his complaint still failed to state a claim. In considering a Rule 12(b)(6) motion, the Court "accept[s] all well-pleaded facts as true and view[s] all facts in the light most favorable to the plaintiff." See Thompson v. City of Waco, Texas, 764 F.3d 500, 502 (5th Cir. 2014)(citing Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys, 675 F.3d 849, 854 (5th Cir. 2012)(en banc)). To survive dismissal, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009)(quoting Iqbal, 556 U.S. at 678)(internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."

that the defendant's motion to dismiss for insufficiency of service and failure to state a claim is hereby GRANTED as unopposed. The complaint is dismissed.

New Orleans, Louisiana, February 14, 2018

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and footnote omitted). To state a claim under Title VII, Foley was not required to make a prima facie case of discrimination. Raj v. La. State Univ., 714 F.3d 322, 331. However, he must still allege facts that show: "(1) he is a member of a protected class, (2) he was qualified for the position at issue, (3) he was the subject of an adverse employment action, and (4) he was treated less favorably because of his membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances." Lee v. Kansas City Southern Ry. Co., 574 F.3d 253, 259 (5th Cir. 2009). The Court is mindful that the complainant is proceeding *pro se*, and that his complaint is held to "less stringent standards than formal pleadings drafted by lawyers." Hale v. King, 642 F.3d 492, 499 (5th Cir. 2011) (quoting Calhoun v. Hargrove, 312 F.3d 730, 733 (5th Cir.2002)).

As the defendant concedes, Foley is a member of a protected class based on his color and race and was the subject of an adverse employment action because he was fired. However, Foley fails to allege facts that he was treated less favorably than other members of his protected class, or that his treatment was even related to his race. He makes no allegations that his employers terminated him because of his race, or any of the circumstances surrounding his termination that indicate that race may have been a motivator. The few facts Foley does allege, even when considering that he is proceeding *pro se*, do not state a claim that is plausible on its face.